STATE *vs.* INTOXICATING LIQUORS, city of Belfast, claimant.

Waldo. Decided May 8, 1878.

*Intoxicating liquors.*

The municipal officers of a city, town or plantation are authorized by R. S., c. 27, to purchase intoxicating liquors, only of the state commissioner, or of such municipal officers as have purchased intoxicating liquors of him, or of a manufacturer in the state who has complied with the requirements of § 23.

Intoxicating liquors purchased by municipal officers, without authority and in contravention of the statute, are liable to seizure and forfeiture, and the officers so purchasing to indictment.

Intoxicating liquors, purchased by the municipal officers of a city, town or plantation, and kept by the town agent for sale, are liable to seizure and forfeiture, if the casks and vessels in which the same are contained are not at the time of seizure plainly and conspicuously marked with the name of such city, town or plantation, and of its agent.

ON EXCEPTIONS.

SEARCH AND SEIZURE PROCESS.

September 27, 1875, the judge of the police court of Belfast, on complaint of one Sanborn, issued his warrant, in accordance with R. S., c. 27, § 35, against the store of Andrew D. Bean in that city. The warrant was served by the sheriff, and a large stock and assortment of intoxicating liquors were seized by him. At the hearing on the libel, the city, by its municipal officers, appeared and claimed the liquors, on the ground that the city owned them and that they were intended for sale by the agent of the city according to law. The police judge declared them forfeited, and the claimants appealed.

At the trial at the October term, 1875, for the purpose of presenting the legal questions, the attorney for the state and the counsel for the claimants agreed on the facts. On the first Monday of May, 1875, the municipal officers of the city of Belfast duly established an agency, and appointed Andrew D. Bean agent for the sale of intoxicating liquors in said city, under R. S., c. 27, and Bean was duly qualified as such agent. All of the liquors described in the defendants' claim were intended for sale in this state by said city, through its agent. That portion of

said liquors contained in schedule marked "A" was not purchased of the state commissioner, named in Sec. 14 of said chapter, nor of such municipal officers as had purchased said liquors of him, nor of any manufacturer of liquors manufactured in this state, but of dealers out of the state.

The presiding justice instructed the jury as follows: "To show that the liquors named in the libel are subject to forfeiture, it is incumbent upon the state to prove beyond a reasonable doubt that the liquors were intended for sale in this state, in violation of law, by the owner, his agent or servant.

"That, to be entitled to a return of said liquors, the defendants must prove that they were the owners thereof at the time of seizure, and entitled to their possession.

"That, assuming the facts admitted, as proved, the liquors described in schedule ' A.' were purchased by said municipal officers in violation of law, and that the intent to sell the same in this state through said agent was in violation of law.

"That, to protect said liquors from seizure and forfeiture, if kept by said agent for the purpose of sale, all the casks and vessels in which the same were contained must have been at the time of seizure plainly and conspicuously marked with the name of said city and of its agent.

"That if any of such vessels or casks containing said liquors were not so marked, then the same are not prohibited from forfeiture by reason of ownership by the claimant, and the claimant is not entitled to return thereof."

The jury returned their verdict as follows: "The jury find that the intoxicating liquors contained in schedule marked 'A,' and described in said libel and claim, were at the time of the seizure thereof intended for unlawful sale by said claimants in this state.

"They further find that the casks and vessels containing the intoxicating liquors contained in schedule marked 'B,' and described in said libel and claim, were not at the time of the seizure thereof plainly and conspicuously marked with the name of said city and its agent thereon ; that the same are subject to forfeiture, and that the claimants are not entitled to a return thereof.

" And they further find that all of such intoxicating liquors described in the defendants' claim, not embraced in said schedules 'A' and 'B,' were not at the time of the seizure thereof intended for unlawful sale in this state, and that the claimants were the owners and entitled to the possession thereof."

The counsel for the claimants filed exceptions.

*J. Williamson,* for the claimants, submitted without argument.

*L. A. Emery,* attorney general, & *W. H. Fogler,* county attorney, for the state.

APPLETON, C. J.   By R. S., c. 27, § 15, the governor, with the advice and consent of the council, is authorized to " appoint a commissioner to furnish municipal officers of towns in this state, and duly authorized agents of other states, with pure, unadulterated intoxicating liquors, to be kept and sold for medicinal, mechanical and manufacturing purposes." The commissioner is prohibited from selling " any spirituous, intoxicating or fermented liquors to any municipal officers of this state, except such as have been tested by a competent assayist and found to be pure."

By § 15, the governor is required to " issue to the municipal officers of the towns of this state a notice of the name and place of business of said commissioner, and such municipal officers shall purchase such intoxicating liquors as they may keep on sale for the purpose specified herein, of such commissioner, or of such other municipal officers as have purchased such intoxicating liquors of him, and of no other person or persons, except as provided in section twenty-three." By § 23, the manufacturer having given the required bonds is authorized, in certain cases, to sell to the municipal officers of towns in this state.

By § 16, " If any municipal officer or officers shall purchase any intoxicating liquors, to be sold according to the provisions of the laws of this state, of any other person or persons except those specified in the preceding section, . . they shall forfeit for such offense . . a sum not less than twenty nor more than one hundred dollars, to be recovered by indictment."

By § 26, the municipal officers may " purchase such quantity of intoxicating liquors as may be necessary to be sold under the provisions of this chapter."

The liquors in schedule "A" were purchased in a state other than Maine. They were not purchased from the state commissioner, nor from municipal officers who had purchased from such commissioner, nor from a manufacturer in this state as provided by § 23. The purchase was in direct violation of § 16. Having made a purchase in direct contravention of the law of this state, the defendants are not to be protected from the consequences of violating the law, by virtue of which they were authorized to purchase, in certain cases, intoxicating liquors. The liquors were not tested and found to be pure. They were not manufactured by a manufacturer who had given bond as required by § 23. The instruction that, " assuming the facts admitted, as proved, the liquors described in schedule 'A' were purchased by said municipal officers in violation of law, and that the intent to sell them in this state through said agent was in violation of law," was correct.

It is provided by § 51 that no " liquors owned by any city, town or plantation, or kept by any agent of any city, town or plantation, as is provided by law, shall be protected against seizure and forfeiture, under the provisions hereof, by reason of such ownership, unless all the casks and vessels in which they are contained shall be at all times plainly and conspicuously marked with the name of such city, town or plantation, and of its agent." The instruction on this branch of the case was in strict accordance with the statute.

*Exceptions overruled.*

WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.

DICKERSON, J., did not sit.